UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA       :

      - against -       :

JOHNNY MARTINEZ,       :

          Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION
& ORDER**
99-CR-1048-4 (DC)

**APPEARANCES:**     Johnny Martinez
Defendant *Pro Se*
USP Allenwood
P.O. Box 3000
White Deer, PA  17887

**CHIN, Circuit Judge:**

On September 26, 2003, defendant Johnny Martinez was convicted of (1) conspiracy to murder-for-hire in violation of 18 U.S.C. § 1958 ("Count One") and (2) use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) ("Count Three"). Dkt. No. 251 at 1. Martinez was acquitted of murder-for-hire ("Count Two"), which also alleged a violation of 18 U.S.C. § 1958. *Id.* at 1-2. On January 24, 2005, Martinez was sentenced to a term of life imprisonment on Count One, followed by a consecutive term of imprisonment of ten years on Count Three. *Id.* at 2. On March 24, 2021, Count Three was vacated, and Martinez's sentence was reduced by ten years. *Id.* at 9.

Martinez, proceeding *pro se*, now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act (the "FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Dkt. No. 267 ("Motion"). He contends that he has achieved extraordinary rehabilitative and moral development during his course of incarceration, his sentence is longer than necessary, and he is at increased health risk due to the ongoing COVID-19 pandemic. Motion at 7-9. He further contends that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release. *Id.*

For the reasons set out below, the motion is DENIED.

## BACKGROUND

The facts are set forth in detail in prior decisions of this Court and the Second Circuit. *See United States v. Martinez*, No. 99-CR-1048-4, 2021 WL 1143744, at **1-2 (S.D.N.Y. Mar. 24, 2021); *United States v. Banks*, 464 F.3d 184, 185-88 (2d Cir. 2006). Here, I repeat only the most salient facts.

### A. Martinez's Crimes, Conviction, and Sentencing

In May 1998, Martinez, along with two co-conspirators, was hired by a drug-distribution organization to kill Johan Pena-Perez and Nilton Duran, who were suspected of stealing from the organization. Dkt. No. 251 at 2.

On May 26, 1998, while waiting in a minivan, Martinez and his co-conspirators surveilled an apartment building in the Bronx where Pena-Perez and

2

Duran were located. Dkt. No. 240 at 2. Later, when Pena-Perez and Duran left the building and entered a sedan, Martinez and his co-conspirators pursued the vehicle while preparing firearms and silencers which had been hidden in the minivan's secret compartment. *Id.* When the sedan stopped at a red light, Martinez and another co-conspirator exited the minivan with their guns drawn. *Id.* They approached the sedan and fired inside, killing Pena-Perez and wounding Duran. *Id.* On September 25, 1998, Martinez and his co-conspirators were arrested for the murder. *Id.* Martinez, however, subsequently fled to the Dominican Republic while on bail. *Id.* Martinez remained a fugitive until January 22, 2003, when he was arrested in the Dominican Republic and extradited to the United States. *Id.*

The government filed a superseding indictment charging Martinez with Counts One, Two, and Three. Dkt. No. 251 at 3. Martinez pleaded not guilty. *Id.* At trial, he was convicted of Counts One and Three.

Martinez then appealed the judgment. The Second Circuit affirmed, and the Supreme Court denied his petition for certiorari, *United States v. Banks*, 464 F.3d 184, 185 (2d Cir. 2006), *cert. denied*, 552 U.S. 935 (2007). In 2010, Martinez filed a motion to vacate, set aside, or correct his sentence, which I denied. Dkt. No. 161. On August 13, 2019, Martinez filed a second motion to vacate under 28 U.S.C. § 2255. Dkt. No. 209. On March 24, 2021, I granted in part and denied in part Martinez's second motion,

3

resulting in his Count Three conviction being vacated and his sentence being reduced by ten years. Dkt. No. 251 at 9.

## B.  Martinez's Request for Compassionate Release

On June 17, 2020, Martinez filed a request with the facility's Warden to reduce his sentence. Motion at 90-91. On August 5, 2020, the Warden denied Martinez's request. *Id.* at 92. On February 4, 2022, Martinez filed another request with the Warden at his facility to reduce his sentence. *Id.* at 89. On February 17, 2022, Martinez filed the instant *pro se* motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to reduce his life sentence to time served or a sentence of a term of years. *Id.* at 1. Martinez is presently 58 years old. Dkt. No. 240 at 2.

## DISCUSSION

## A.  Applicable Law

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the FSA, a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons (the "BOP") or the defendant. *See United States v. Gil*, No. 90-CR-306, 2020 WL 2611872, at *1 (S.D.N.Y. May 22, 2020); *United States v. Patterson*, No. 17-CR-118-6, 2020 WL 2571044, at *2 (S.D.N.Y. May 21, 2020). A defendant may move for a reduction under the statute only upon exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). A court may reduce a sentence if it finds, "after considering the factors set forth in § 3553(a), to the extent they are applicable," that "extraordinary and

4

compelling reasons warrant such a reduction" and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

Courts were previously bound by U.S. Sentencing Guidelines Manual § 1B1.13, which limited the reasons that qualified as extraordinary and compelling. *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020).[1] The Second Circuit has now held, however, that district courts are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237; *see also United States v. Ciprian*, No. 11-CR-1032, 2021 U.S. Dist. LEXIS 18698, at *5 (S.D.N.Y. Feb. 1, 2021) ("[T]he Court is not constrained by either § 1B1.13's enumeration of extraordinary and compelling reasons or by its freestanding requirement that the defendant seeking release not pose any danger to the community."); *United States v. Pellegrino*, 492 F. Supp. 3d 65, 70 (E.D.N.Y. 2020). Thus, a district court has broad discretion in considering what circumstances constitute extraordinary and compelling reasons. Rehabilitation alone, however, "shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

If a defendant qualifies for a reduction, the court must decide whether to grant the reduction by weighing the factors set forth in § 3553(a), to the extent they are

---

[1] Pursuant to the Sentencing Guidelines, extraordinary and compelling reasons were limited to: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons determined by the BOP. U.S. Sentencing Guidelines Manual § 1B1.13, n.1.

applicable. *See United States v. Israel*, No. 05-CR-1039, 2019 WL 6702522, at *2 (S.D.N.Y. Dec. 9, 2019). These include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to provide the defendant with needed medical care; and the need to avoid unwarranted disparities in sentences. *See* 18 U.S.C. § 3553(a); *see also United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

On a motion for compassionate release, the defendant bears the burden of showing that a reduction is warranted. *See Patterson*, 2020 WL 2571044, at *2.

B. <u>Application</u>

As a threshold matter, Martinez's motion is properly before the Court because his June 2020 request for compassion release was denied by his Warden. Motion at 92; *see* 18 U.S.C. § 3582(c)(1)(A). Moreover, his subsequent request in February 2022 did not receive a response from the Warden within thirty days. Motion at 40-41.

First, I consider whether Martinez is eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A), that is, whether he has demonstrated extraordinary and compelling reasons qualifying him for a sentence reduction. I conclude that he has. Second, I consider whether to grant the motion by weighing the factors set forth in

6

§ 3553(a) to the extent they are applicable. I conclude that the statutory factors weigh against granting the motion.

### 1. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) does not define "extraordinary and compelling reasons." Rather, district courts have broad discretion to consider factors beyond the Sentencing Guidelines. Therefore, this Court considers individual factors, like health concerns relating to the COVID-19 pandemic, as "one component of the overall analysis" in determining whether there are extraordinary and compelling reasons that warrant a sentence reduction. *United States v. Vargas*, 502 F. Supp. 3d 820, 827-30 (S.D.N.Y. 2020) (holding that the extraordinary and compelling bar was met by the combination of the defendant's rehabilitation, his desire to care for his ill mother, his medical risks given COVID-19, and a particularly harsh sentence); *see also United States v. Weeks*, No. 16-CR-167, 2020 WL 1862634, at *3 (S.D.N.Y. Apr. 14, 2020) (holding that the possibility of spreading COVID-19 inside prison alone, without other factors like pre-existing medical conditions, is not sufficient to constitute extraordinary and compelling reasons).

First, Martinez cites his rehabilitation efforts as a factor the Court should consider in deciding eligibility for compassionate release. Motion at 11-12. Martinez's rehabilitation efforts are worthy of acknowledgment. Martinez has completed various

education courses while in prison, and Martinez asserts that the courses will prepare him for re-entry. Dkt. No. 267 at 16.

Second, Martinez argues that his sentence is lengthier than the national average for similar charges. Motion at 17. This argument lacks merit. Martinez was involved in a pre-meditated offense that resulted in death, thus triggering 18 U.S.C. § 1958, which provides for a sentence of "death or life imprisonment." Dkt. No. 251 at 8.

Third, Martinez argues that the COVID-19 pandemic poses a continued risk to his health. Motion at 18. It should be noted, however, that in February 2021, Martinez was infected with COVID-19 and has since recovered. Dkt. No. 251 at 7. Without minimizing any health issues that Martinez has experienced, he has not further explained whether his pre-existing medical conditions have been exacerbated by COVID-19. Nonetheless, it is undisputed that Martinez has numerous underlying medical conditions, including Type 2 Diabetes, hypertension, cardiomyopathy treated with a pacemaker, a history of a stroke, and obesity. Motion at 19; Dkt. No. 251 at 7.

Giving Martinez the benefit of the doubt, I conclude that his health concerns together with his rehabilitation efforts establish extraordinary and compelling reasons. I turn to the § 3553(a) factors.

## 2. The 3553(a) Factors

I conclude that Martinez's motion should be denied because the applicable § 3553(a) factors, primarily the "nature and circumstances" of Martinez's offenses, weigh against release or sentence reduction. See 18 U.S.C. § 3553(a)(1).

A life sentence remains appropriate. Dkt. No. 251 at 8-9. Martinez was convicted of murder-for-hire, a crime of the most serious nature. Sentencing Transcript ("Sent'g Tr.") at 16. He participated in a gang-related hit that resulted in the death of Pena-Perez and serious injuries to Duran. At sentencing, I concluded that a life sentence for Martinez's crime under Count One was "not only a reasonable sentence, but . . . the appropriate sentence." *Id.*

Furthermore, Martinez has a troubling history, including fleeing while on bail and spending five years as a fugitive in another country. Dkt. No. 251 at 8-9. He also has a history of narcotics trafficking. *Id.* Even in prison, Martinez's disciplinary record shows at least ten infractions. *Id.* at 9. A sentence reduction would undermine the goals of deterrence.

Upon weighing the factors, I continue to believe that respect for the law and the interest of justice require a sentence of life imprisonment.

## CONCLUSION

For the reasons set forth above, Martinez has failed to show that compassionate release is warranted. His motion for compassionate release is hereby DENIED.

The Clerk of the Court is directed to mail a copy of this order to defendant at the address listed below.

SO ORDERED.

Dated: New York, New York
October 31, 2022

DENNY CHIN
United States Circuit Judge
Sitting by Designation

Johnny Martinez
USP Allenwood
P.O. Box 3000
White Deer, PA 17887