UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                          :

            - against -                          :          **MEMORANDUM DECISION**

JOHNNY MARTINEZ,                          :                99-cr-1048-4 (DC)

               Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


APPEARANCES:          JOHNNY MARTINEZ
                    Defendant *Pro Se*
                    USP Allenwood
                    P.O. Box 3000
                    White Deer, PA  17887


CHIN, Circuit Judge:

         On September 25, 2003, following a jury trial, defendant Johnny Martinez was convicted of (1) conspiracy to commit murder-for hire, in violation of 18 U.S.C. § 1958, and (2) use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c).  Dkt. 86.  For his involvement in a murder-for-hire conspiracy that left one man dead and another seriously wounded, I sentenced Martinez to life imprisonment; I also imposed a consecutive term of ten years' imprisonment for the firearm conviction.  *See id.*  Following the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), I vacated Martinez's firearm conviction and the associated

sentence of imprisonment.  *See* Dkt. 251.  Martinez is now sixty years old and has been incarcerated for more than twenty years.

   For the second time in as many years, Martinez has filed, *pro se*, a motion for a sentence reduction, commonly known as compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).  *See* Dkt. 267 (the "First Motion"), Dkt. 290 (the "Motion").  For the reasons set forth below, the Motion is DENIED.

   I assume Martinez's familiarity with the facts and procedural history of his case, which I have set forth in detail in several prior decisions.  *See United States v. Martinez*, No. 99 Cr. 1048-4, 2021 WL 1143744, at *1-2 (S.D.N.Y. Mar. 24, 2021); Dkt. 274 at 2-4; *see also United States v. Banks*, 464 F.3d 184, 185-88 (2d Cir. 2006) (denying Martinez's direct appeal of the judgment of conviction and sentence).  I also assume Martinez's familiarity with the legal framework relevant to motions for sentence reductions under Section 3582(c)(1)(A), which I have also previously set forth.  *See* Dkt. 274 at 4-6.

   When I denied Martinez's First Motion, I concluded that, although it was a close question, "his health concerns together with his rehabilitation efforts establish[ed] extraordinary and compelling reasons" for a sentence reduction.  Dkt. 274 at 8.  I also concluded, however, that the factors set forth in 18 U.S.C. § 3553(a) weighed against a sentence reduction because of the nature of Martinez's crime, his criminal history and prison disciplinary record, and the need for Martinez's sentence to promote deterrence and respect for the law.  *See id.* at 9.

Martinez's newly filed Motion differs from the First Motion in a few salient respects. Martinez continues to argue that he is remorseful for his role in the death of Johan Pena-Perez and the injury of Nilton Duran, that he has undergone substantial rehabilitation and has taken advantage of educational and vocational programs while in prison, and that his sentence is excessive in comparison to sentences imposed on defendants convicted of similar conduct. *See* Dkt. 267 at 7-18, 41-45; Dkt. 290 at 5-13, 21-24. Martinez does not, however, renew his argument that his medical conditions render him particularly susceptible to the COVID-19 virus. *See* Dkt. 267 at 18-24. But he argues for the first time that (1) he was erroneously sentenced to the same term of imprisonment as his co-defendants who were found guilty of substantive murder-for-hire as well as conspiracy to commit murder-for-hire, *see* Dkt. 290 at 5-6, 11-12; (2) his advanced age makes it significantly less likely that he will reoffend if released, *see id.* at 8-9; (3) his family and friends are prepared to help him adjust to life outside of prison, *see id.* at 9, 23-24; (4) he was not aware, at the time of the crime, that his co-conspirators intended to kill Pena-Perez and Duran, *see id.* at 21-22; and (5) he fled the United States after the shootings and remained a fugitive for four years because he feared that the leaders of the drug organization that had hired the murderers would harm him as well, *see id.* at 22. Martinez's new arguments are accompanied by a prison work performance evaluation and some twenty-five affidavits and messages of support from his family, friends, and fellow prisoners, all attesting to Martinez's character and rehabilitation. *See id.* at 39-50,

3

54-85, 93-94.  This record is broadly comparable to that Martinez submitted in connection with the First Motion.   *See* Dkt. 267 at 57-87, 94-110.

Martinez's new arguments and supporting materials do not, however, change the analysis contained in my decision denying the First Motion.

As a threshold matter, the Motion is properly before the Court because, as with the First Motion, Martinez made a request for compassionate release to the warden of the prison where he is incarcerated, and his request was denied.  *See* Dkt. 290 at 19.[1]

As to whether Martinez has proffered extraordinary and compelling reasons rendering him eligible for a sentence reduction, *see* 18 U.S.C. § 3582(c)(1)(A)(i), I conclude, as I did with the First Motion, that he has, "[g]iving Martinez the benefit of the doubt."  Dkt. 274 at 6-8.

While serving a life sentence, Martinez has engaged in numerous educational and vocational activities; in the past two years alone, he has completed more than twenty programs on topics ranging from starting a small business and managing money to learning zoology and world history.  *See* Dkt. 290 at 89-92.  It is clear from the materials submitted by fellow prisoners that Martinez has offered assistance to injured

---

[1]       On August 8, 2023, in reply to Martinez's request, the warden wrote that "[y]ou received a response in March of 2022, denying Compassionate Release.  Your request does not meet the criteria set forth in Program statement 5050.50."  Dkt. 290 at 19.  The first sentence of the warden's reply appears to refer to the request for compassionate release Martinez submitted before filing the First Motion.  I construe the second sentence, however, as denying Martinez's renewed request.

prisoners, counseled younger prisoners who have experienced hardship, and motivated prisoners to remain active and healthy. *See id.* at 39-50. Martinez also has an extended family who not only wish to reunite with him but are prepared to offer him housing, employment, and other resources were he to be released. *See id.* at 55-85.

Nevertheless, although his PATTERN recidivism risk assessment scores have decreased since he filed the First Motion, *see id.* at 52, Martinez's record of rehabilitation has not been exemplary. As recently as September 2021, Martinez was found responsible for introducing drugs and alcohol into the prison. *See id.* at 87. This is the eleventh disciplinary infraction he has committed, and, in light of Martinez's history of drug trafficking, it is of concern that more than half of the infractions have involved drugs, alcohol, giving or accepting money without authorization, and exchanging money for contraband. *See id.*

Moreover, several of the arguments Martinez makes in the Motion either lack merit or are inapplicable to a motion for compassionate release. First, in my decision denying the First Motion, I concluded that Martinez's sentence was not excessive in relation to the offense of which he was convicted. *See* Dkt. 274 at 8. Likewise, because "Martinez was involved in a pre-meditated offense that resulted in death, thus triggering 18 U.S.C. § 1958, which provides for a sentence of 'death or life imprisonment,'" *id.,* his sentence was appropriate even though I imposed the same

sentence on co-defendants who were convicted of substantive murder-for-hire as well as murder-for-hire conspiracy.

Next, to the extent that Martinez argues he was not aware, at the time of the shootings, that his co-conspirators' plan was to kill Pena-Perez and Duran, such an argument -- which could, if accepted, undermine the validity of Martinez's conviction -- cannot properly be before the Court on a motion for compassionate release. "Permitting [Martinez] to make actual innocence arguments in this manner would enable him to pursue habeas relief through a compassionate release motion and thereby evade the procedural limitations on bringing habeas claims." *United States v. Jacques*, Nos. 20-3276, 21-1277, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022).  Moreover, Martinez's assertion that he was not aware that the plan was to kill Pena-Perez and Duran is not credible because Martinez and his cohorts were paid $37,000 to commit the murder-for-hire, and Martinez and Jaime Gomez, armed with a revolver and machine gun, fired some twenty rounds into the victims' car. *See Banks*, 464 F.3d at 185-86.

Similarly inapposite on a motion for compassionate release is Martinez's assertion that, out of fear for his own safety, he fled the country and hid in the Dominican Republic for four years before turning himself in.  I did not impose a sentence of life imprisonment because Martinez had been a fugitive.[2]  As I noted at

---

[2]      To the extent that Martinez's flight was discussed at the time of sentencing, it was only because the Government and defense counsel disagreed as to whether, when the Dominican Republic extradited Martinez, it did so on the understanding that he would face a prison

sentencing, a life sentence was "not only a reasonable sentence, but . . . the appropriate

sentence" because "[s]omeone was indeed murdered" as a result of the conspiracy

Martinez joined.  Dkt. 89 at 16-17.

That reality continues to guide my assessment of the applicable factors

enumerated in Section 3553(a).  Martinez was convicted, following a jury trial, of

participating in a murder-for-hire conspiracy, "a gang-related hit that resulted in the

death of Pena-Perez and serious injuries to Duran." Dkt. 274 at 9.  In prison, Martinez's

record of rehabilitation, although creditable in many respects, has been imperfect.  The

nature of his infractions, including his most recent, suggests that he has not ceased to

deal in contraband goods.  Therefore, although his risk of recidivism has decreased as he

has aged, *see* Dkt. 290 at 8-9, 52-53, it is not negligible.

As I concluded in reference to his First Motion, the "most serious nature" of

Martinez's crime, as well as "the goals of deterrence[,] . . . respect for the law[,] and the

interest of justice," continue to require a sentence of life imprisonment.

For all these reasons, Martinez's Motion is hereby DENIED.  Moreover, the

request for appointment of counsel incorporated into the Motion, *see* Dkt. 290 at 3, is also

DENIED because there is no right to counsel on a motion for compassionate release.  *See*

*United States v. Fleming,* 5 F.4th 189, 193 (2d Cir. 2021).  Martinez's request that the

---

sentence of no more than thirty years.  *See* Dkt. 89 at 5-10.  I concluded that "the United States
government . . . never agreed to any such limitation." *Id.* at 10.

Motion be sealed, *see* Dkt. 290 at 1, is GRANTED to the extent that the Court shall redact personally identifying information from the Motion.

   The Clerk of Court is directed to mail a copy of this order to Martinez at the address listed above.

   SO ORDERED.

Dated:  New York, New York
     August 22, 2023

             _____
             DENNY CHIN
             United States Circuit Judge
             Sitting by Designation