UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - against -        :      **MEMORANDUM DECISION**

JOHNNY MARTINEZ,        :      99-cr-1048-4 (DC)

        Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:        AARON M. GOLDSMITH, ESQ.
        225 Broadway, Suite 715
        New York, NY 10007
        Attorney for Defendant

CHIN, Circuit Judge:

On September 25, 2003, following a jury trial, defendant Johnny Martinez

was convicted of (1) conspiracy to commit murder-for-hire, in violation of 18 U.S.C.

§ 1958, and (2) use of a firearm in connection with a crime of violence, in violation of 18

U.S.C. § 924(c). *See* Dkt. 86. I sentenced Martinez to life imprisonment on the

conspiracy count and I also imposed a consecutive term of ten years' imprisonment for

the firearm conviction. *See id.* Following the U.S. Supreme Court's decision in *United

States v. Davis*, 588 U.S. 445 (2019), I vacated Martinez's firearm conviction and the

associated sentence of imprisonment. Dkt. 251 at 4-5, 9.

For the third time since I sentenced him, and the second time in the past

thirteen months, Martinez has filed a motion for a sentence reduction, commonly

known as a motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A) as

modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  *See*

Dkt. 267 (the "First Motion"); Dkt. 290 (the "Second Motion"); Dkt. No. 301 (the

"Motion").  Martinez requests that his sentence be reduced to "time served" or 300

months.  Dkt. 301 at 4.  For the reasons set forth below, the motion is DENIED.

      I assume familiarity with the facts and procedural history of this case,

which I have set forth in detail in several prior decisions.  *See United States v. Martinez*,

No. 99-cr-1048-4, 2021 WL 1143744, at *1-2 (S.D.N.Y. Mar. 24, 2021); Dkt. 274 at 2-4; *see*

*also United States v. Banks*, 464 F.3d 184, 185-90 (2d Cir. 2006) (denying Martinez's direct

appeal of the judgment of conviction and sentence).  I also assume familiarity with the

legal framework relevant to motions for sentence reductions under Section

3582(c)(l)(A), which I have also previously set forth.  *See* Dkt. 274 at 4-6.

      When I denied Martinez's First and Second Motions, I concluded that,

although it was a close question, "his health concerns together with his rehabilitation

efforts establish[ed] extraordinary and compelling reasons" for a sentence reduction.

Dkt. 274 at 8; *see also* Dkt. 291 at 4.  But I also concluded that the factors set forth in 18

U.S.C. § 3553(a) weighed against a sentence reduction because of the nature of

Martinez's crime, his criminal history and prison disciplinary record, and the need for

Martinez's sentence to promote deterrence and respect for the law.  *See* Dkt. 274 at 9;

Dkt. 291 at 5-7.

In his newly filed Motion, Martinez continues to argue that he is

remorseful for his role in the death of Johan Pena-Perez and the shooting of Nilton

Duran, that he has undergone substantial rehabilitation and has taken advantage of

educational and vocational programs while in prison, that his advanced age makes it

significantly less likely that he will reoffend if released, and that his sentence is

excessive in comparison to sentences imposed on defendants convicted of similar

conduct.  *See* Dkt. 267 at 7-21, 41-45; Dkt. 290 at 5-13, 21-24; Dkt. 301 at 4, 6-8, 20, 35.  He

also renews his argument that he is at an increased health risk due to COVID-19.[1]  *See*

Dkt. 267 at 18-21; Dkt. 301 at 4, 20.  Martinez is now sixty-one years old and has been

incarcerated for almost twenty-two years.  *See* Inmate Locator Service, BOP Registration

no. 52655-054, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/; Presentence

Investigation Report ("PSR") ¶ 29.  Martinez also argues, for the first time, that release is

warranted based on the harsh prison conditions at his facility, Dkt. 301 at 25-27, new

policy guidance from the U.S. Sentencing Commission, which adds "unusually long

sentence[s]" to its list of suggested extraordinary and compelling reasons, and his likely

deportation upon release, *id.* at 7, 16-17; U.S.S.G. § 1B1.13(b)(6).  Martinez's Motion is

accompanied by an "Inmate Education Data Transcript" dated June 27, 2023, an "Inmate

History Record" dated June 27, 2023, and a "UNICOR Work Evaluation Record" for the

---

[1]      Martinez does not renew his argument that he was unaware of his co-conspirators' criminal
intentions at the time of the crime or that he fled the United States out of fear of retaliation from the
organization that had ordered Pena-Perez's murder.  *See* Dkt. 290 at 21-22.

3

period of May 1, 2022 through November 1, 2022.  *See* Dkt. 301-1.  Martinez submitted

identical versions of these BOP documents with his second motion for compassionate

release.  *See* Dkt. 290 at 88-94 (Exhibit J, Exhibit K).

I find, as I did with his First and Second Motions that, "[g]iving Martinez

the benefit of the doubt," he has proffered extraordinary and compelling reasons

rendering him eligible for a sentence reduction.  Dkt. 274 at 6-8; *see* 18 U.S.C.

§ 3582(c)(l)(A)(i).  Nonetheless, Martinez's new arguments do not change the analysis

contained in my decisions denying the First and Second Motions.  I continue to

conclude that the Motion should be denied because the applicable § 3553(a) factors,

considered together, do not support early release.[2]

The nature and circumstances of Martinez's offense, along with his history

and characteristics, weigh against a sentence reduction.  Martinez was convicted of a

crime of the "most serious nature" -- for participating in "a gang-related hit that resulted

in the death of Pena-Perez and serious injuries to Duran."  Dkt. 274 at 9.  Martinez has a

---

[2]      It is unclear whether Martinez has exhausted his remedies before filing this Motion.  Martinez
states that he made a request for compassionate release to the warden of the prison that was denied on
December 5, 2023.  Dkt. 301 at 9.  But he does not provide any documentation related to this renewed
request.  A number of courts have held that a defendant's "statement attesting to exhaustion on its own, is
insufficient to satisfy this requirement."  *United States v. Johnson*, 671 F. Supp. 3d 265, 271 (E.D.N.Y. 2023)
(collecting cases).  In any event, I do not decide whether Martinez has exhausted his remedies because I
do not find that the § 3553(a) factors are satisfied.  *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021)
(affirming district court's denial of compassionate release in "sole reliance on the applicable § 3553(a)
factors" because "if a district court determines that one of [the three] conditions [required for
compassionate release] is lacking, it need not address the remaining ones"); *see also United States v.
Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (holding that § 3582(c)(1)(A)'s "exhaustion requirement is not a
jurisdictional limitation on the court's power to consider [the] motion").

4

history of trafficking narcotics and fled to the Dominican Republic while on bail in this

case, spending five years as a fugitive in another country.  Dkt. 251 at 8-9.  Accordingly,

I concluded at sentencing, and in subsequent related decisions, that a life sentence for

Martinez's crime under Count One was "not only a reasonable sentence, but . . . the

appropriate sentence."  Dkt. 89 at 16.

A sentence reduction would also undermine the goals of deterrence and

the need to protect the public from further crimes of the defendant.  In denying

Martinez's Second Motion, I noted that his record of rehabilitation was worthy of

acknowledgement but "ha[d] not been exemplary."  Dkt. 291 at 5.  I also observed that

while Martinez's PATTERN recidivism risk assessment scores had decreased since he

filed his First Motion, his eleven disciplinary infractions, including a charge for

introducing drugs and alcohol into the prison as recently as September 2021, were of

great concern in light of his history of drug trafficking.  *Id.*

Martinez has not provided a current disciplinary record or PATTERN

score with his third request for compassionate release.  I am therefore unable to

determine whether Martinez has incurred any infractions in the thirteen months since

he last moved for a sentence reduction.  I thus continue to believe that while "his risk of

recidivism has decreased as he has aged, . . . it is not negligible."  *Id.* at 7 (internal

citations omitted).  I also continue to find that the nature of Martinez's infractions --

more than half have involved drugs, alcohol, giving or accepting money without

authorization, and exchanging money for contraband -- suggest "that [Martinez] has not

ceased to deal in contraband goods." *Id.*

Martinez argues that the unduly harsh conditions of his confinement

warrant his release because it amounts to a sentence that is disproportionate to the

offense and violates several of his constitutional rights under the Fifth, Eighth, and

Fourteenth Amendments.  Dkt. 301 at 25, 27.  But while harsh prison conditions can

sometimes constitute extraordinary and compelling reasons for release, *see, e.g.*, *United*

*States v. Snype*, 683 F. Supp. 3d 351, 362-63 (S.D.N.Y. 2023), any harsh conditions here do

not change the balancing of the § 3553(a) factors.

To be sure, one of the § 3553(a) factors is "the need to provide the

defendant with needed educational or vocational training, medical care, or other

correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2)(D).  This

factor, however, is outweighed in Martinez's case by the combination of the other

§ 3553(a) factors, including "the nature and circumstances of the offense and the history

and characteristics of the defendant," *id.* § 3553(a)(1), and "the need for the sentence

imposed to reflect the seriousness of the offense," "to afford adequate deterrence," and

"to protect the public from further crimes of the defendant," *id.* § 3553(a)(2).  Moreover,

the constitutional challenges that Martinez raises with respect to these prison conditions

are not properly before the Court on a motion for compassionate release.  *See, e.g.*,

*Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (observing that a habeas petition under

§ 2241 is the appropriate vehicle for challenging the constitutionality of a prisoner's

conditions of confinement).

Martinez's next argument regarding the length of his sentence also lacks

merit.  He continues to assert that his sentence is excessive in comparison to sentences

imposed on defendants convicted of similar conduct.  He also argues, for the first time,

that the Sentencing Commission's guidance on "unusually long sentence[s]" supports

his release.  *See* U.S.S.G. § 1B1.13(b)(6).

The U.S. Sentencing Commission's policy statement, effective November

1, 2023, and later made retroactive, affords guidance to courts in considering whether to

reduce a sentence for extraordinary and compelling reasons.  *See* U.S.S.G. § 1B1.13.

Subsection (b)(6) of the policy statement provides that an "unusually long sentence"

may constitute an extraordinary and compelling reason where the defendant "has

served at least 10 years of the term of imprisonment" and there has been a "change in

the law" that produces "a gross disparity between the sentence being served and the

sentence likely to be imposed at the time the motion is filed."  *Id.* § 1B1.13(b)(6).

Assuming that Section 1B1.13(b)(6) is valid and applicable,[3] it would at

most provide an additional extraordinary and compelling basis to support Martinez's

eligibility for release, but it would not alter my decision to deny the motion under the

---

[3]      The validity of Section 1B1.13(b)(6) has been challenged by the government in several recent cases; however, the Second Circuit has not yet ruled on this issue.  *See, e.g., United States v. Pierce*, No. 11-CR-576 (PKC), 2024 WL 2219739, at *8 (S.D.N.Y. May 15, 2024).

§ 3553(a) statutory sentencing factors.  Moreover, I am not persuaded that Section

1B1.13(b)(6) applies to Martinez's circumstances.  Martinez was involved in a pre-

meditated offense that resulted in death, triggering 18 U.S.C. § 1958, which provides for

a sentence of "death or life imprisonment."  Section 1958 continues to provide for such a

sentence; thus, there has been no change in the law resulting in a gross disparity

between the sentence I gave Martinez and what it would be if it were imposed today.

For these same reasons, I find, as I did denying Martinez's First and Second Motions,

that Martinez's sentence is "not excessive in relation to the offense of which he was

convicted."  Dkt. 274 at 8; Dkt. 291 at 5.

Finally, the fact that Martinez may be deported upon his release also does

not warrant a sentence reduction.  Dkt. 301 at 7.  Martinez points to several cases where

courts concluded that a removal order weighed in favor of release.  *Id.*  The defendants

in each of these cases, however, had committed nonviolent crimes.  *See United States v.*

*Barriga-Beltran*, No 19-cr-0116 (JS), 2021 WL 1299437, at *3 (E.D.N.Y. Apr. 7, 2021)

(convicted of possession with intent to distribute); *United States v. Barron*, 2020 WL

4196194, at *1 (C.D. Cal. July 9, 2020) (conviction for involvement in drug conspiracy);

*United States v. Ledezma-Rodriguez*, 2020 WL 3971517, at *8 (S.D. Iowa July 14, 2020)

(granting release to "non-violent, low-level offender with no ties to large-scale criminal

organizations or drug cartels").  By contrast, Martinez was convicted of participating in

a murder-for-hire conspiracy that resulted in the death of one man and the serious

injury of another.  Given the "most serious nature" of Martinez's crime, Dkt. 274 at 9,

and his prison disciplinary record, removal in this case would not protect the public

from further crimes of the defendant.  *See. e.g.*, *United States v. Ahmad*, No. 05-cr-00019

(DC), 2021 WL 3550229, at *2 (S.D.N.Y. 2021); *United States v. MacCallum*, 511 F. Supp.

3d 419, 428 (W.D.N.Y. 2021).

Upon weighing the factors, I continue to believe that the goals of

deterrence, respect for the law, the interest of justice, and the need to protect the public

require a sentence of life imprisonment.  For these reasons, the Motion is hereby

DENIED.

SO ORDERED.

Dated:     New York, New York
           January 6, 2025

                                          _____

                                          DENNY CHIN
                                          United States Circuit Judge
                                          Sitting by Designation